KEM:ns

FILED BY_____D.C.

2004 MAR 25 PM 4:14

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **04-20711**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**CIV-MOORE**

$86,877.00 IN UNITED STATES
CURRENCY,

MAGISTRATE JUDGE
O'SULLIVAN

    Defendant.
_____/

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, hereby files this Complaint for Forfeiture in Rem and states:

1. This is a civil action for forfeiture in rem of EIGHTY SIX THOUSAND, EIGHT HUNDRED SEVENTY SEVEN DOLLARS ($86,877.00) IN UNITED STATES CURRENCY ("defendant currency and /or property"). The defendant currency was seized from Martin Muniz, Fernando Muniz, and Wellington Johnson on May 5, 2003.

2. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355 and 1395 in that the defendant currency was seized in the Southern District of Florida and will remain within the District during the pendency of this action.

3. The United States seeks forfeiture of the defendant currency pursuant to 21 U.S.C. § 881(a)(6) arising from a violation of 21 U.S.C. §§ 841 and 846.



## FACTS

1. In April of 2003 agents of the Drug Enforcement Administration were conducting an investigation of cocaine distributors in the Miami area. A confidential source(CS) advised them that he knew of a customer capable of purchasing and distributing multi-kilogram quantities of cocaine.

2. On April 29, 2003, the CS met with the customer at a Starbucks on NW 41st Street in Miami. At that meeting, Fernando Muniz asked the CS to provide him with about twenty kilos of cocaine and agreed to pay $16,000 per kilo. The CS agreed and stipulated that at least half of the purchase money must be provided before any cocaine would be turned over.

3. On May 1, 2003, the CS made a monitored phone call to Fernando Muniz. During that conversation, the CS told Fernando he had the cocaine ready for delivery. Fernando stated that he had about $100,000 in cash in his possession, and that he would bring his brother Martin Muniz with him to exchange the money for the cocaine, which was set for the next day.

4. On May 2, 2003, the CS again discussed the details of the deal with both Fernando and Martin Muniz and finalized the meeting details.

5. Neither Fernando nor Martin appeared for the meeting on May 2, 2003. Martin called the CS later that day and advised that Fernando had not been able to attend because he was involved in an automobile accident. The CS agreed to reschedule the deal for May 5, 2003.

6. On May 5, 2003, at about 5pm, Fernando met with the CS at a Hooter's Restaurant on NW 13th Terrace in Miami. The two then left the restaurant and joined Martin Muniz and a third subject, Wellington Johnson, in the parking lot. The CS discussed the terms of the transaction with all three subjects, after which Martin retrieved a bag from the pickup truck which they had driven

2

to the restaurant. Martin then handed the bag to the CS, who opened the trunk of his vehicle and allowed Fernando to take possession of twelve kilograms of artificial cocaine.

7. As soon as Fernando took possession of the cocaine, Drug Enforcement Administration agents announced their presence and attempted to arrest the three subjects. Martin Muniz was arrested at the scene. Wellington Johnson and Fernando Muniz fled in the pickup truck. Subsequently, Johnson was arrested in the truck after it hit another vehicle, and Fernando fled on foot.

8. At the scene, agents recovered $ 80,090 in U.S. currency from the brown paper bag, $ 4,753 from Johnson's truck, and $2,034 from Johnson's person.

9. On May 9, 2003, all three defendants were indicted for violating 21 U.S.C. §§ 841 and 846. Martin Muniz and Wellington Johnson subsequently entered guilty pleas and agreed to forfeit their interest in the $86,877 as property intended to be used to facilitate the commission of a drug offense. Fernando Muniz was never arrested and remains a fugitive.

10. Based on the foregoing facts, the defendant currency constitutes property furnished in exchange for a controlled substance in violation of 21 U.S.C. §§ 841 and 846, and is thereby forfeit to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, Plaintiff United States of America requests that a warrant and summons for the arrest and seizure be issued for the defendant currency; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant currency; that the Court direct all persons having any claim to or interest in the defendant property to appear and show cause why the forfeiture should not be decreed or suffer default of such claim or interest; that the Court declare the defendant property, and all accrued interest thereon, condemned and forfeited to

United States of America for disposition according to law; and that the United States be granted such other and further relief as this Court deems just and proper, together with costs and disbursements of this action.

        Respectfully submitted,

        MARCOS DANIEL JIMENEZ
        UNITED STATES ATTORNEY

By: _____
        KAREN E. MOORE
        ASSISTANT U.S. ATTORNEY
        COURT NO. A5500043
        99 NE 4TH STREET, 7TH FLOOR
        MIAMI, FLORIDA 33132-2111
        TEL: (305) 961-9030
        FAX: (305) 536-4089
        Karen.Moore@usdoj.gov

## VERIFICATION

I, VANCE DURHAM, Special Agent, Drug Enforcement Administration, hereby declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture In Rem is based upon information known to me, and that the facts alleged therein are true and correct to the best of my knowledge and belief.

EXECUTED, on this __25__ day of March, 2004.

_____
VANCE DURHAM
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-20711**

### I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

FILED BY _____ D.C.

2004 MAR 25 PM 4:14

CLARENCE MADDOX
CLERK, U.S. DIST.
S.D. OF FLA - MIA

### DEFENDANTS
$86,877.00 IN UNITED STATES CURRENCY,

**MOORE** Miami

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Karen E. Moore
99 NE Fourth Street, Suite 700
Miami, Florida 33132
(305) 961-9030

Dade/04-20711-ev-Moore/o'sullivan

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
O'SULLIVAN

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | B☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

LENGTH OF TRIAL
via _2_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 3/25/04

SIGNATURE OF ATTORNEY OF RECORD
Karen E. Moore, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.